UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON PAGUE,<br><br>    Plaintiff<br><br>    v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:16-cv-00590-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.   PROCEDURAL HISTORY

Plaintiff Sharon Pague ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

in the case [Dkt. 19 ("Pltf.'s Br.") and Dkt. 20 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons set forth below, the Court affirms the decision of the ALJ and orders judgment entered accordingly.

## II.  ADMINISTRATIVE DECISION UNDER REVIEW

On May 26, 2011, Plaintiff filed an application for DIB and SSI, alleging that she became disabled as of December 10, 2010. [Dkt. 15, Administrative Record ("AR") 167-175, 186.] The Commissioner denied her initial claim for benefits and then denied her claim upon reconsideration. [AR 10 and 47-70, 73-94.] On October 5, 2012, a hearing was held before Administrative Law Judge ("ALJ") Michael D. Radensky. [AR 23-46.] On October 25, 2012, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 7-22.] Plaintiff requested review from the Appeals Council, which denied review. [AR 1-4.]

Plaintiff filed a civil action on February 14, 2014. United States Magistrate Judge Michael R. Wilner remanded the case to the Commissioner for further proceedings on December 30, 2014. [AR 525-538 (*Pague v. Colvin*, EDCV 14-293-MRW, Dkt. 20).] Subsequently, on September 23, 2015, a second hearing was held before ALJ Dante M. Alegre. [AR 472-496.] On December 11, 2015, the ALJ issued a decision again denying Plaintiff's request for benefits. [AR 434-446.] Plaintiff requested review from the Appeals Council on February 11, 2016, but subsequently withdrew her request for review and sought review directly from this Court. *See* 20 C.F.R. §§ 404.984, 416.1484.

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1) 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since December 10, 2010, the alleged onset date, through December 31, 2015, her date last insured. [AR 437.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: bipolar disorder, mood disorder,

post-traumatic stress disorder ("PTSD"), status-post mastectomy, chemotherapy, and radiation from ductal carcinoma. [AR 437 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 438 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [M]edium work as defined in 20 CFR 404.1567(b) and 416.967(c) involving the following: lifting and/or carrying 50 pounds occasionally and 25 pounds frequently; sitting, standing, and/or walking for six hours out of an eight-hours workday; and unskilled work but no fast production work.

[AR 439.] Applying this RFC, the ALJ found that Plaintiff was unable to perform her past relevant work, but determined that based on her age (44 years old) limited education, and ability to communicate in English, she could perform representative occupations such as night cleaner (DOT 381.687-018), furniture cleaner (DOT 709.687-014), and linen room attendant (DOT 222.387-030) and, thus, is not disabled. [AR 445.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

///

## IV. DISCUSSION

Plaintiff contends the ALJ erroneously discounted the opinion of examining physician Dr. Khushro Unwalla. [Pltf.'s Br. at 8:22-11:3.] In opposition, the Commissioner contends that the ALJ's assessment of Dr. Unwalla's opinion was proper. [Def.'s Br. at 4:23-7:12.]

An ALJ is obligated to take into account all medical opinions of record, resolve conflicts in medical testimony, and analyze evidence. 20 C.F.R. §§ 404.1527(c) and 416.927; *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). In conducting this analysis, the opinion of a treating or examining physician is entitled to greater weight than that of a non-examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). To reject the uncontradicted opinion of a treating or examining physician, the ALJ must provide clear and convincing reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). When a treating or examining physician's opinion is contradicted by another opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012; *Lester*, 81 F.3d at 830-31. "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (internal citation omitted).

Dr. Unwalla completed a psychiatric evaluation of Plaintiff on May 1, 2015. In his report, he noted that Plaintiff was shaking and tremulous, exhibited psychomotor agitation and a reactive affect, appeared anxious, and demonstrated disorganized and confused thought processes. [AR 596.] Among other things, Dr. Unwalla found that Plaintiff had marked difficulties in the following: interacting with others; social functioning; concentrating; performing simple, repetitive tasks; and performing detailed and complex tasks. [AR 597.]

4

The ALJ discounted the opinion of Dr. Unwalla and instead relied on the contradictory opinion of the non-treating, non-examining psychological consultant, Dr. Anna M. Franco. [AR 47-69; 441-442.] The ALJ gave Dr. Unwalla's opinion "little weight" for one reason. [AR 442.] The ALJ stated that "the findings noted by Dr. Unwalla are an anomaly," because they were inconsistent with the treatment record. [AR 442.] The Court finds that the ALJ's stated reason satisfies the specific and legitimate reason requirement.

Contrary to Plaintiff's assertion, the fact that Dr. Unwalla reviewed the record *does not* necessarily make his opinion consistent with that record. [See Pltf.'s Br. at 9:14-10:5.] Here, the ALJ found that the longitudinal treatment records regarding Plaintiff's bipolar disorder, PTSD, and mood disorder "indicate[d] that Plaintiff was doing fairly well," with only isolated instances of severe findings. [AR 441.] Specifically, "[a]side from some findings of a depressed mood, a blunted affect, and tearfulness at times…any more significant findings were even more isolated." [AR 441 (citing AR 254, 260, 329-331, 337, 345, 360, 904, 906-909.] The ALJ noted two treatment records where Plaintiff appeared to be suffering from more severe mental health issues. In December 2013, Plaintiff's treatment note indicated that she had poor concentration, impaired judgement, depression, anxiety, and reported that she was suffering from paranoia and hallucinations. [AR at 910.] A month later, in January 2014, Plaintiff's treatment note indicated that she appeared disheveled, had poor eye contact, was withdrawn, had a depressed mood and constricted affect, and again reported that she was suffering from hallucinations. [AR at 915.] However, the ALJ concluded that aside from these two treatment notes, the remaining findings were generally within normal limits. [*See* AR 254, 260, 329-331, 337, 345, 360, 904, 906-909.] In addition, although Plaintiff participated in a court-mandated mental health program for child endangerment in March 2011, the treatment notes indicated that she had excellent participation in the program, did well on her medications, and no further case management services

were needed as of June 2011. [AR 290, 293, 346.]

This lack of support in the treatment notes, objective evidence, and medical record as a whole is a specific and legitimate reason supported by substantial evidence for discounting Dr. Unwalla's opinion. *See* C.F.R. §§ 404.1527(c)(4) and 416.927 ("[g]enerally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."); *Mendoza v. Astrue*, 371 Fed. Appx. 829, 831–32 (9th Cir. 2010) ("The ALJ permissibly rejected a medical opinion of a non-treating examining physician that was unsupported by the record as a whole.") (internal citation omitted); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (finding that an ALJ may reject the conclusory opinion of a treating or examining physician if the opinion is unsupported by clinical findings).

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: March 07, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE